

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

FAGAN DICKSON
FIRST ASSISTANT

December 17, 1947

Honorable Thos. E. Hayden, Jr.
District Attorney, 42nd District
Abilene, Texas

Opinion No. V-458

Re: The authority of a District Judge to probate the sentence of a defendant whose conviction by the trial court occurred prior to the effective date of H. B. 120, 50th Legislature.

Dear Sir:

You state that a defendant was tried in the 42nd District Court of Taylor County on June 4, 1947, and his punishment assessed at two years confinement in the penitentiary; that the conviction was affirmed by the Court of Criminal Appeals on November 12, 1947, and the mandate has been returned to the District Clerk. You request our opinion as to whether the District Judge has the authority to place this defendant on probation by virtue of House Bill No. 120, Acts 50th Legislature (The Adult Probation and Parole Law), which became effective on September 5, 1947.

In our Opinion No. V-415 we upheld the constitutionality of Sections 1 through 6, which authorize the courts to place convicted defendants on probation. We are enclosing a copy of that opinion. We did not pass upon your identical question in that opinion, but refer you specifically to pages 7, 8, 9, 10, 11, 12 and 13, which we believe bear upon your inquiry. It is evident that the provisions of H. B. 120, in June, 1947, did not constitute part of the punishment to be inflicted on those who offend against our criminal laws and could not be read into the various provisions of our penal code in defining crimes and prescribing the penalties for a violation thereof, as this probation law did not go into effect until September 5. You will also note that in Section 6 of the Act, the Legislature used the following language: "The right of the probationer to appeal to the Court of Criminal Appeals for a review of the trial and conviction, as provided by law, shall be accorded the probationer at the time he is placed on probation." It seems clear from the above language that the Legislature contemplated the court to exercise its right of probation before the court lost jurisdiction by the defendant perfecting his appeal. Furthermore, when the Court of Criminal Appeals affirms a

case and sends its mandate to the clerk of the convicting court for observance, we are of the opinion that the lower court only acquires jurisdiction to carry out the prior sentence in conformity with the mandate.

It is therefore our opinion that the District Judge does not have the authority to place a defendant on probation who was convicted before the effective date of H. B. 120, 50th Legislature, and whose conviction was affirmed by the Court of Criminal Appeals after the effective date thereof.

### SUMMARY

The District Judge does not have the authority to place a defendant on probation who was convicted prior to September 5, 1947, the effective date of H.B. 120 (The Adult Probation and Parole Law) and whose sentence of conviction was affirmed by the Court of Criminal Appeals after the effective date thereof.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  *W. V. Geppert*

W. V. Geppert
Assistant

WVG/JCP

APPROVED

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL